**Spann, Jr. v. Francis-Fords, Inc.**

*Francis O'Gorman, Jr.,* for plaintiff.

*John J. Shumaker,* for defendant.

*Clyde E. McIntyre,* for additional defendant.

DOWLING, J., May 12, 1972.—John Spann, Jr. bought a new Mustang. Four days later it burst into flames and was destroyed.

Although this was his first new car, he apparently felt that this went beyond planned obsolescence and accordingly sued the dealer, Francis-Ford, Inc., who in turn joined the manufacturer, the Ford Motor Company. He received a jury verdict for the undisputed amount of his damages, $2,883.50.

Defendant and additional defendant, having lost in arbitrarion and before a jury, seek yet another opportunity, alleging in their motions for a new trial various errors.

The governing principle is that the verdict winner is entitled to the benefit of all findings that reasonably could have been made in his favor and that all contrary evidence is to be rejected: Jemison v. Pfeifer, 397 Pa. 81 (1959).

Viewed in this light, the evidence establishes that plaintiff, after purchasing the car on March 5, 1968, drove it less than 100 miles, experiencing no difficulty and was sitting in the vehicle on March 9th with the motor running when smoke and flame shot up from underneath the dashboard and the hood.

Plaintiff produced expert testimony which established that the fire resulted from a malfunction or defect in the vehicle and that it originated in the area of the carburetor or fuel pump.

Defendant produced an expert, its shop foreman, who discussed at some length the various causes of

automobile fires but who had not examined the vehicle in question as had plaintiff's expert. Defendant also produced the testimony of various employes who testified that plaintiff had told them that he was in a bar when the fire started.

The principal contention raised by both Francis-Fords, Inc., and the Ford Motor Company centers around the adequacy of plaintiff's proof with respect to the defective condition of the car. Plaintiff pleaded and proceeded at trial on the theory of strict liability as enunciated in the Restatement of Torts 2d, §402A, which provides:

"One who sells any product in a defective condition and unreasonably dangerous to the user . . . is subject to liability for physical harm thereby caused to the ultimate user . . ."

The instant case is strikingly similar to MacDougall v. Ford Motor Co., 214 Pa. Superior Ct. 384 (1969), where it was held that the occurrence of a malfunction of machinery in the absence of abnormal use and reasonable secondary causes is evidence of a "defective condition" within the meaning of Restatement 2d Torts, §402A. There, it was decided that the failure of the steering mechanism of a new car was evidence of a defective condition without proof of the specific defect in design or assembly which caused the malfunction. Here, a sudden fire from underneath the hood is certainly evidence of a defective condition; further buttressed by expert testimony as to the point of origin of the fire even though plaintiff's expert, as in MacDougall, could not delineate any specific reason for the defective condition.

It is apparent from its brief that Ford Motor Company is not in sympathy with the principle set forth in MacDougall v. Ford, supra. This is unfortunate but hardly persuasive.

522

The Ford Motor Company also complains that the charge on proximate cause was inadequate, yet it submitted no points whatsoever and it requested no further instructions on this matter. The general rule appears to be that objections may not be raised for the first time in a motion for a new trial: 28 P. L. Encyc. 15. In any event, the court, at various places in its charge, stated that the fire which destroyed the car had to have been caused by a defective condition or malfunction. Under the facts of this case, a lengthy dissertation on the doctrine of proximate cause was not only not requested but not warranted.

The several other reasons advanced by additional defendant are singularly without merit, being unsupported by the record, and do not necessitate discussion.

### ORDER

And now, May 12, 1972, the motions of defendant and additional defendant for a new trial are denied.